IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **VICKI CAMPBELL, individually and behalf of all others similarly situated,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**HOPE COMMUNITY CREDIT UNION,** )<br>)<br>**Defendant.** ) | No. 10-2649-STA |

---

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Before the Court is Defendant Hope Community Credit Union's Motion for Partial Summary Judgment (D.E. # 14) filed on October 17, 2011. Plaintiff Vicki Campbell has filed a response in opposition (D.E. # 23) to Defendant's Motion.[1] For the reasons set forth below, Defendant's Motion is **DENIED**.

**BACKGROUND**

The following facts are not in dispute for purposes of Defendant's Motion.[2] Plaintiff alleges

---

[1] On January 16, 2012, Plaintiff also filed a motion to certify class (D.E. # 24), which is currently pending before the Court.

[2] The Court notes that Plaintiff has not properly responded to Defendant's statement of undisputed facts. Local Rule 56(d) states, "Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." Due to Plaintiff's failure to respond to Defendant's asserted facts, the Court finds that the facts are not disputed for purposes of this Motion. Plaintiff has attached exhibits to her response brief. The Court will address that evidence below.

1

that Defendant violated the notice provisions of 15 U.S.C. § 1693 *et seq.* known as the Electronic Fund Transfer Act ("EFTA"). (Def.'s Statement of Undisputed Facts ¶ 1.) Plaintiff has also alleged that Defendant has violated 12 C.F.R. § 205 *et seq* known as "Regulation E." (*Id.* ¶ 2.) Plaintiff sets forth in her Complaint that she has filed this action on behalf of herself and "all others similarly situated." (*Id.* ¶ 3.) Plaintiff seeks, on behalf of herself and the "proposed class" statutory damages, costs and attorney's fees that she believes that she is entitled to pursuant to 15 U.S.C. § 1693m. (*Id.* ¶ 4.) Specifically, Plaintiff alleges that she used Defendant's ATM located at 1451 Madison Avenue, Memphis, Tennessee, and was charged a surcharge fee of $1.75. (*Id.* ¶ 5.) The single transaction occurred at that location on July 5, 2010. (*Id.*) Plaintiff further alleges that Defendant owns and operates ATMs located at 2923 Ridgeway Road, Memphis, Tennessee, and at 3048 Harvester Lane in Memphis. (*Id.* ¶ 6.) While Plaintiff contends that Defendant also charged ATM surcharge fees at these two locations, Plaintiff admits that she did not make a withdrawal or a transaction of any type from these two ATM's machines. (*Id.*)

Plaintiff alleges that Defendant is in violation of EFTA and Regulation E due to there being no posted notice of surcharge fees being assessed at these three ATMs owned and operated by Defendant. (*Id.* ¶ 7.) Plaintiff seeks to represent a class of similarly situated persons consisting of all consumers who initiated an electronic fund transfer and were assessed a fee at the ATMs located at 1451 Madison Avenue, 2923 Ridgeway Road, and 3048 Harvester Lane. (*Id.* ¶ 8.) Plaintiff alleges that photographs taken on August 15, 2010 demonstrate the absence of the required posted notice at the ATMs located at 2923 Ridgeway Road and 3048 Harvester Lane. (*Id.* ¶ 9.)[3]

---

[3] In her response in opposition, Plaintiff has attached the photographs and the affidavit of Susan S. Adams who has affirmed that she took the photographs at these locations on the date in question. Resp. in Opp'n, exs. D & E, Adams Aff. (D.E. # 23-4 & 23-5.)

In its Motion for Summary Judgment, Defendant argues that Plaintiff lacks standing to bring claims on behalf of the class defined in her Complaint. Plaintiff alleges a loss caused by Defendant's violation of the EFTA resulting from Plaintiff's use of the ATM at 1451 Madison Avenue. Plaintiff has not alleged that she was injured from the violations of the EFTA at Defendant's 2923 Ridgeway Road or 3048 Harvester Lane ATMs. In short, Plaintiff suffered no injury-in-fact from the alleged violations at ATMs she never used. It also follows that Plaintiff does not have standing to represent a class of individuals who did suffer alleged injuries by using the ATMs at 2923 Ridgeway Road and 3048 Harvester Lane. Defendant contends then that any award of damages based on the allegations in Plaintiff's Complaint should come only from violations that occurred at the 1451 Madison Avenue ATM where Plaintiff actually suffered an injury. Therefore, Defendant moves the Court to dismiss any claims for damages resulting from alleged violations related to Defendant's ATMs at 2923 Ridgeway Road and 3048 Harvester Lane.

In her response brief, Plaintiff asserts that Defendant has not argued the correct legal standard for violations of the EFTA. Plaintiff thoroughly addresses the statute itself and the ATM fee notice requirements provided under the EFTA. Plaintiff contends that Defendant clearly violated these requirements by failing to post exterior notices on the three ATMs listed in the Complaint. As a result, Plaintiff argues that Defendant is liable for statutory damages pursuant to 15 U.S.C. § 1693m. Specifically, Plaintiff asserts that her injury-in-fact for the alleged violations of the EFTA was the invasion of the statutory right to notice itself. The EFTA is a remedial consumer statute, which should be given a broad and liberal construction in favor of consumers. The Act grants consumers a private right of action for the recovery of actual and statutory damages. Thus, Plaintiff can establish individual standing. With respect to the class action component of Plaintiff's suit, Plaintiff

3

argues that her claims are typical of the claims of the putative class members. Typicality concerns only the issue of whether the representative and the class members share claims based on the same legal theory and the same acts of the defendant. Plaintiff can show that like other members of the putative class, she used Defendant's ATM during the class period, incurred a fee for using the ATM, and has the same claim as other class members for Defendant's violations of EFTA. Plaintiff and the putative class seek the same statutory damages for Defendant's alleged violations. Plaintiff adds that courts regularly certify classes involving multiple ATMs owned and operated by the same Defendant. Therefore, Plaintiffs maintain that the Court should deny Defendant's Motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving part "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[4] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[5] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[6] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[7] These facts must be more than a scintilla of evidence and must meet the standard of whether

---

[4] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex*, 477 U.S. at 324.

[7] *Matsushita*, 475 U.S. at 586.

4

a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[8] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[9]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[10] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[11] Finally, the "judge may not make credibility determinations or weigh the evidence."[12] Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[13]

## ANALYSIS

In the Motion before the Court, Defendant does not seek summary judgment on the issue of liability but only on the limited question of whether Plaintiff has standing to represent a putative class of ATM users whose statutory right to notice of ATM fees was allegedly violated. Plaintiff has

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] *Id*. at 251-52.

[10] *Celotex*, 477 U.S. at 322.

[11] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[12] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[13] Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 322.

alleged that Defendant violated the notice provision of EFTA found at 15 U.S.C. § 1693b, requiring that an automated teller machine operator charging fees on ATM users must give notice that a fee will be charged and disclose the amount of the fee.[14] Notice is required on the machine itself as well as on the screen (or by paper from the machine) at some point "after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction."[15] The EFTA makes any ATM operator in violation of the statute liable to consumers for actual damages, statutory damages, court costs, and a reasonable attorneys fee.[16]

Standing is "the threshold question in every federal case."[17] The Supreme Court has stated that the standing requirement limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into "a vehicle for the vindication of the value interests of concerned bystanders."[18] The party invoking federal subject matter jurisdiction bears the burden to demonstrate all of the elements of Article III standing including injury-in-fact.[19] "The Article III standing requirements apply equally to class actions. The class representative must allege an individual, personal injury in order to seek relief on behalf of himself or any other member of the

---

[14] 15 U.S.C. 1693b(d)(3)(A). *See also Clemmer v. Key Bank, Nat. Ass'n*, 539 F.3d 349, 351 (6th Cir. 2008).

[15] § 1693b(d)(3)(B).

[16] § 1693h(a).

[17] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

[18] *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 473 (1982) (quoting *United States v. SCRAP,* 412 U.S. 669, 687 (1973)).

[19] *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008).

class."[20] It is well-settled that "[t]he actual or threatened injury required by [Article] III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."[21]

Applying these principles to the case at bar, the Court holds that Plaintiff has standing to proceed to the class certification stage in this case. Defendant does not contest Plaintiff's standing to represent a putative class of consumers whom Defendant charged an ATM fee at the 1451 Madison Avenue location during the class period. In fact, the injury Plaintiff suffered was not simply the ATM fee, and Plaintiff disclaims any cause of action for actual damages on her own behalf or on behalf of the putative class.[22] Rather, Plaintiff has standing by virtue of the alleged invasion of her statutory right to notice of the ATM fee pursuant to ETFA. Therefore, the Court holds that Plaintiff has met her burden to allege an "individual, personal injury in order to seek relief on behalf of" herself or any other member of the class. Defendant's straight-forward argument here is that Plaintiff lacks standing to bring class claims for the alleged EFTA notice violations at the other two ATM locations owned and operated by Defendant. The Court holds that it need not resolve this issue as a question of standing but will instead take it up in the context of Plaintiff's motion for class certification. The Sixth Circuit has held that "[o]nce [a plaintiff's] standing has

---

[20] *Sutton v. St. Jude Med. S.C., Inc.,* 419 F.3d 568, 570 (6th Cir. 2005).

[21] *In re Carter*, 553 F.3d 979, 989 (6th Cir. 2009) (quoting *Warth*, 422 U.S. at 500 (emphasis omitted)).

[22] *See* Compl. ¶¶ 6 ("Plaintiff does not seek actual damages.") & 42 ("Plaintiff and Class members seek recovery of statutory, not actual damages."). Furthermore, several courts have concluded that a plaintiff must plead and prove detrimental reliance in order to recover actual damages for violations of EFTA's notice requirements. *See Vallies v. Sky Bank*, 591 F.3d 152, 161–62 (3d Cir. 2009); *Voeks v. Pilot Travel Ctrs.,* 560 F. Supp. 2d 718, 725 (E.D. Wis. 2008); *Martz v. PNC Bank, N.A.,* No. 06–1075, 2007 WL 2343800, at *7–8 (W.D. Pa. Aug.15, 2007); *Brown v. Bank of Am., N.A.*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006); *Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 408 (M.D. Fla. 2004).

been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure."[23] The Supreme Court commented in *dicta* that there is a "tension" in the case law about whether the very issue Defendant raises was more "appropriately addressed under the rubric of standing or adequacy."[24] Because the Supreme Court has not squarely resolved the issue and the Sixth Circuit has analyzed the question presented under Rule 23 (and not under the law of standing), the Court reserves ruling on the exact question presented in Defendant's Motion for Partial Summary Judgment until the briefing on Plaintiff's motion to certify class is complete. Therefore, Defendant's Motion is **DENIED**.

Additionally, the Court finds that to date Defendant has not responded to Plaintiff's motion to certify class. Plaintiff filed and served the motion on January 16, 2012. Pursuant to Local Rule 7.2(a)(2), Defendant's response was due within fourteen (14) days of service of Plaintiff's motion, making Defendant's response due on or before February 2, 2012. Therefore, Defendant is ordered to file a proper response to Plaintiff's motion to certify class within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**              s/ S. Thomas Anderson
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

                                    Date: February 07, 2012.

---

[23] *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 2.05 (3d ed.1992)). *See also* Newberg on Class Actions § 2.6 (5th ed. 2011).

[24] *Gratz v. Bollinger*, 539 U.S. 244, 263 n.15 (2002).