IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

VICKI CAMPBELL, individually and      )
behalf of all others similarly situated,   )
                                      )
                Plaintiff,             )
                                      )
v.                                    )          No. 10-2649-STA
                                      )
HOPE COMMUNITY CREDIT UNION,   )
                                      )
                Defendant.             )

_____

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION**

_____

Before the Court is Plaintiff Vicki Campbell's Motion for Class Certification (D.E. # 24, 25)

filed on January 16, 2012.  Defendant Hope Community Credit Union has filed a response in

opposition (D.E. # 27) to Plaintiff's Motion, and Plaintiff has filed a reply brief (D.E. # 32).  For the

reasons set forth below, Plaintiff's Motion is **GRANTED IN PART, DENIED IN PART**.

**BACKGROUND**

This matter concerns alleged violations of the notice provisions of 15 U.S.C. § 1693 *et seq.*

known as the Electronic Fund Transfer Act ("EFTA") and 12 C.F.R. § 205 *et seq.* known as

"Regulation E."  Plaintiff seeks, on behalf of herself and the putative class, statutory damages, costs

and attorney's fees pursuant to 15 U.S.C. § 1693m.  Specifically, Plaintiff alleges that she used

Defendant's ATM located at 1451 Madison Avenue, Memphis, Tennessee, and was charged a

surcharge fee of $1.75.  (Compl. ¶ 5.)  This single transaction occurred at that location on July 5,

1

2010.  (*Id.*)  Plaintiff further alleges that Defendant owns and operates ATMs located at 2923 Ridgeway Road, Memphis, Tennessee, and at 3048 Harvester Lane in Memphis.  (*Id.* ¶ 6.)  While Plaintiff contends that Defendant also charged ATM surcharge fees at these two locations, Plaintiff admits that she did not make a withdrawal or a transaction of any type from these two ATMs.  (*Id.*)

Plaintiff alleges that Defendant violated the EFTA and Regulation E because Defendant failed to post notice of the surcharge fees being assessed at these three ATMs. (*Id.* ¶ 7.)  Plaintiff alleges that photographs taken on August 15, 2010, demonstrate the absence of the required posted notice at the ATMs located at 2923 Ridgeway Road and 3048 Harvester Lane.  (*Id.* ¶ 9.)[1]  Plaintiff seeks to represent a class of similarly situated persons consisting of all consumers who initiated an electronic fund transfer at the three ATMs and were assessed a fee.  (*Id.* ¶ 8.)

In her Motion for Class Certification, Plaintiff argues that this matter is appropriate for class certification.  Plaintiff seeks certification of a class to be defined as follows:

> All consumers who initiated an electronic funds transfer at Hope Community Credit Union ATMs located at (1) 1451 Madison Avenue, Memphis, TN; (2) 2923 Ridgeway Road, Memphis, TN; and (3) 3048 Harvester Lane, Memphis, TN, and were assessed a fee for withdrawing cash from the ATM located at (1) 1451 Madison Avenue, Memphis, TN; (2) 2923 Ridgeway Road, Memphis, TN; and (3) 3048 Harvester Lane, Memphis, TN on or after the date of one year prior to the filing this action (September 2, 2009) through the date Defendant posted a compliant notice on the ATMs (the "Class Period").[2]

Plaintiff argues that all of the requirements of Federal Rule of Civil Procedure 23(a) are satisfied in

---

[1] In her response in opposition, Plaintiff has attached the photographs and the affidavit of Susan S. Adams who has affirmed that she took the photographs at these locations on the date in question.  Resp. in Opp'n, exs. D & E, Adams Aff. (D.E. # 23-4 & 23-5.)

[2] Excluded from the Class are (1) Hope Community Credit Union and all directors, officers, agents and employees of Hope Community Credit Union; (2) Any person or entity who timely opts out of this proceeding; and (3) Any person who has given a valid release of the claims asserted in this suit.

this case.  First, Plaintiff has alleged that the class in this case may number over 1,000 members who reside in the Memphis area.  Thus, the class is sufficiently numerous so that joinder would be impracticable.  Second, Plaintiff has raised a number of common legal and factual issues that go to Defendant's compliance with the EFTA, Plaintiff's claim for statutory damages, and any possible statutory defenses available to Defendant.  Third, Plaintiff asserts that her claims are typical of those of the class members.  Plaintiff claims that she was charged an improper ATM fee and that the claim(s) of each class member are identical.  Finally, Plaintiff contends that she will adequately represent the interests of the class.  Like the class she seeks to represent, Plaintiff has suffered damages as a result of Defendant's alleged violations of the EFTA.  Proposed class counsel are also capable of adequately representing the interests of the class.  Therefore, Plaintiff argues that she has satisfied Rule 23(a)'s requirements.

Furthermore, Plaintiff argues that at least one of Rule 23(b)'s tests for maintaining a class action is met.  Specifically, Rule 23(b)(3) provides that a class should be certified when common questions of law and fact predominate over any question affecting only individual class members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Plaintiff contends that class treatment is warranted under Rule 23(b)(3).  In this case, Defendant's liability will be established based on generalized proof of the alleged EFTA violations.  Commons questions of fact and law thus predominate over any possible individual issues.  Each member of the proposed class used one of Defendant's ATMs during the class period, and each was assessed an improper transaction fee.  Plaintiff argues that resolution of the class issues will more likely than not resolve the underlying claim.  Finally, Plaintiff asserts that class treatment is superior to other methods of bringing these claims.  Here the class members stand to recover as little as one

3

hundred dollars or as much as a few thousand dollars, making class treatment more efficient than individual actions. Defendant has in its possession sufficient data that can be used to identify many class members and calculate damages. Therefore, Plaintiff argues that class certification is warranted under Rule 23(b).

In response, Defendant contends that Plaintiff has failed to show that class certification is proper. The only Rule 23(a) requirement Defendant contests here is the typicality of Plaintiff's claims. Defendant argues that Plaintiff seeks only statutory damages and not actual damages. Defendant adds that a plaintiff seeking actual damages for violations of the EFTA must prove detrimental reliance. Defendant posits that unlike Plaintiff some members of the class will seek actual damages and that the measure of actual damages will vary depending on a number of factors, including Defendant's frequency and persistence in non-compliance with the notice requirements. Additionally, Plaintiff admits that she did not engage in any ATM transactions at the 2923 Ridgeway Road and 3048 Harvester Lane locations, much less pay an improper ATM fee for the transactions. Defendant argues that Plaintiff seeks to use evidence of Defendant's non-compliance at these other locations only to increase her claim for damages. As such, Plaintiff's claims and the requisite proof to establish her claims are not typical of the proposed class. Just as it did in its motion for partial summary judgment, Defendant argues that Plaintiff lacks standing because she did not conduct any transaction at the ATMs located at 2923 Ridgeway Road or 3048 Harvester Lane. According to Defendant then, the Court should deny class certification.

In her reply, Plaintiff argues that Defendant has misstated the standard governing typicality. Plaintiff states that she needs only to show that her claims or legal theories are similar to those of the other class members. The claims of all class members, regardless of which ATM they used, are the

same, including their claim for statutory damages.  Plaintiff argues that Rule 23(a)'s typicality standard is satisfied here.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 23 governs class action suits including the question of class certification.  Before certifying a class, the Court's task is to conduct a "rigorous analysis" of the requirements of Rule 23.[3]  Under Rule 23(a), four prerequisites must be met in order to certify the class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[4]  A proposed class must satisfy all four of the prerequisites of Rule 23(a) and, after having met those factors, at least one of the three tests set forth in Rule 23(b).[5]  A plaintiff seeking to represent a class, however, has the "burden 'to establish his right' to class certification."[6]

## ANALYSIS

The Court holds that upon rigorous analysis of the facts and issues presented, class certification is proper in this case.  Plaintiff has shown that all four elements of Rule 23(a) are satisfied and that at least one of three conditions of Rule 23(b) is satisfied.  As an initial matter,

---

[3] *Gen. Tel. Co. of SW. v. Falcon,* 457 U.S. 147, 161 (1982).

[4] Fed. R. Civ. P. 23(a).

[5] *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996)).

[6] *Alkire v. Irving,* 330 F.3d 802, 820 (6th Cir. 2003) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 522 (6th Cir. 1976)).

5

Plaintiff has proposed a class defined to include all consumers who engaged in transactions and were assessed an ATM fee "at Hope Community Credit Union ATMs located at (1) 1451 Madison Avenue, Memphis, TN; (2) 2923 Ridgeway Road, Memphis, TN; ***and*** (3) 3048 Harvester Lane, Memphis, TN." (emphasis added).  The definition in Plaintiff's memorandum is stated in the conjunctive, meaning that the class is defined to include consumers who had ATM transactions at all three locations and were charged the improper fee at all three locations during the class period. By contrast, it is clear from the Complaint and the briefing submitted by Plaintiff that Plaintiff seeks to assert claims for a class of consumers who were assessed an improper ATM at any (but not all) of Defendant's three ATM locations.  For these reasons, the Court will conduct its Rule 23(a) analysis for a putative class consisting of consumers who engaged in transactions and were assessed an ATM fee "at Hope Community Credit Union ATMs located at (1) 1451 Madison Avenue, Memphis, TN; (2) 2923 Ridgeway Road, Memphis, TN; ***or*** (3) 3048 Harvester Lane, Memphis, TN." (emphasis added).

Even though Defendant has only contested the typicality requirement, the Court will consider each of the Rule 23(a) prerequisites in turn.

## I.      Rule 23(a) Prerequisites

### A.      *Numerosity*

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable.  The Sixth Circuit has held that there is "no specific number" that will or will not render joinder impracticable.[7]  A potential class may satisfy the numerosity requirement simply based

---

[7] *Am. Med. Sys.*, 75 F.3d at 1079.

on its size.[8]  Though the Complaint does not allege how large the potential class in this case may be,

Plaintiff has stated that the total number of class members could be as few as one hundred and as

many as several thousand.[9]  Defendant has not challenged this allegation or Plaintiff's assertion that

the Rule 23(a) numerosity requirement is met.[10]  Therefore, the Court finds that the potential class

in this case is so numerous that joinder of all members is impracticable.

### B.        Commonality

Likewise, Defendant does not challenge certification on the basis of the potential class's

commonality.  Rule 23(a)(2) requires that there be questions of law or fact common to the class.[11]

The Supreme Court has held that "[c]ommonality requires the plaintiff to demonstrate that the class

members have suffered the same injury."[12]  The Sixth Circuit has explained that a single common

issue will satisfy this Rule 23(a) element.[13]  "The interests and claims of the various Plaintiffs need

not be identical.  Rather, the commonality test is met when there is at least one issue whose

---

[8] *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (finding potential class of 800 members "a number well beyond the point that joinder would be feasible").

[9] *See* Pl.'s Mem. in Support 8 (D.E. # 25).

[10] In fact, Defendant states in its response brief that there may have been "potentially hundreds of thousands of transactions" during the class period at the Ridgeway Road and Harvester Lane ATMs alone.  Def.'s Resp. in Opp'n 6 (D.E. # 27).

[11] Fed. R. Civ. P. 23(a)(2).

[12] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Falcon*, 457 U.S. at 157) (internal quotation marks omitted).

[13] *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997) ("Rule 23(a) simply requires *a* common question of law or fact.") (emphasis in original)).

resolution will affect all or a significant number of the putative class members."[14]  Put another way, the common issue must be "at the heart of the litigation,"[15] and the resolution of a common issue must advance the litigation.[16]  Here Plaintiff has argued that resolution of the following legal and factual issues will be necessary in order to advance the litigation: (1) whether Defendant was at all relevant times during the class period an automatic teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers; (2) whether Defendant was the operator of the ATMs at issue; (3) whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; (4) whether Defendant had a notice of the fee charged to consumers posted in a prominent and conspicuous location at the ATMs; (5) whether Plaintiff and members of the class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct; and (6) whether Defendant has any statutory defenses.  The Court holds that these issues are clearly "at the heart" of this case, and the resolution of these common issues of fact and law will be necessary to advance the suit. Therefore, the Court concludes that Plaintiff has met her burden to satisfy the Rule 23(a) commonality requirement.

### C.    Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of

---

[14] *Powers v. Hamilton Cnty. Pub. Defenders Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (citing *Am. Med. Sys.*, 75 F.3d at 1080); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 424 (6th Cir. 1998).

[15] *Powers*, 501 F.3d at 619.

[16] *Sprague*, 133 F.3d at 397.

the claims or defenses of the class.[17]   A representative's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."[18]   The inquiry for the Court is "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct."[19]   The Supreme Court has noted that Rule 23(a)'s commonality and typicality requirements "tend to merge."[20]   A class representative is not typical "when a plaintiff can prove his own claim but not necessarily have proved anybody else's claim."[21]   Importantly, the Sixth Circuit has cautioned that "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law."[22]   Finally, a plaintiff's burden to establish typicality is not onerous.[23]

The primary dispute between the parties concerns the typicality of Plaintiff's claims in relation to the claims of the other prospective class members.   The Court holds that Plaintiff's legal claims are typical of the claims of the class she seeks to represent.   The EFTA, 15 U.S.C. § 1693b *et seq.*, requires that an automated teller machine operator charging fees on ATM users must give

---

[17] Fed. R. Civ. P. 23(a)(3).

[18] *Am. Med. Sys.*, 75 F.3d at 1082 (quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.13, at 3-76 (3d ed. 1992)).

[19] *Sprague*, 133 F.3d at 399 (citing *Am. Med. Sys.*, 75 F.3d at 1082).

[20] *Falcon*, 457 U.S. at 158 n.13.

[21] *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citations omitted).

[22] *Id.* (citing *Senter*, 532 F.2d at 525 n.31).

[23] *Bittinger*, 123 F.3d at 884.

notice that a fee will be charged and disclose the amount of the fee.[24]  Notice is required on the machine itself as well as on the screen (or by paper from the machine) at some point "after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction."[25]  The EFTA makes any ATM operator in violation of the statute liable to consumers for actual damages, statutory damages, court costs, and a reasonable attorneys fee.[26]  Plaintiff has asserted that Defendant violated the notice requirements of the EFTA by failing to post notice of the fee at three of its ATM locations in the Memphis area and collecting a fee for an ATM transaction.

Like all of the members of the class she seeks to represent, Plaintiff's claim is based on an alleged failure to provide statutory notice of the ATM fee.  The Court has already identified a number of common issues of fact and law in this case as well.  The resolution of these common issues will not only advance the litigation but largely establish Plaintiff's proof of her own claims as well as the claims of the members of the class.  For example, to the extent that Plaintiff proves the lack of proper notice at the 1451 Madison Avenue ATM, she will prove that Defendant violated EFTA with respect to all of the class members who used that ATM during the class period.  Therefore, the Court holds that Plaintiff has carried her burden to show that her claims are typical of the claims of the class she proposes to represent.

Defendant raises two arguments attacking the typicality of Plaintiff's claims, neither of which

---

[24] 15 U.S.C. 1693b(d)(3)(A).  *See also Clemmer v. Key Bank, Nat. Ass'n*, 539 F.3d 349, 351 (6th Cir. 2008).

[25] § 1693b(d)(3)(B).

[26] § 1693h(a).

the Court finds convincing.[27]  First, Defendant asserts that Plaintiff's claims are not typical of the class claims because she seeks only statutory damages.  According to Defendant, some consumers who were assessed a fee without proper notice might seek actual damages, and not statutory damages.[28]  It is true that Plaintiff's Complaint seeks only statutory damages and has specifically disclaimed any right to actual damages.[29]  Nevertheless, Rule 23(a) does not require that a class representative's claim be identical in every respect to the claims of all of the members of the class. Rather, the claims of the representative and the class members need only share "a common element of fact or law."[30]  The Sixth Circuit has held that the fact that some class members may have different measures of damages will not "preclude a finding that the typicality requirement is satisfied."[31]  Furthermore, class members in this case who elect to pursue claims for actual damages, which are expressly disclaimed in the Complaint, may still raise such claims in a separate

---

[27] Defendant has couched these arguments in terms of Rule 23(a)'s typicality requirement. To the extent that Defendant's arguments also go to Plaintiff's adequacy to represent the class or the appropriateness of class certification under Rule 23(b)(3), the Court will address the arguments in its analysis of those requirements below.

[28] Defendant correctly points out that in order to recover actual damages for violations of EFTA's notice requirements, several courts have concluded that a plaintiff must plead and prove detrimental reliance.  *See Vallies v. Sky Bank*, 591 F.3d 152, 161–62 (3d Cir. 2009); *Voeks v. Pilot Travel Ctrs.,* 560 F. Supp. 2d 718, 725 (E.D. Wis. 2008); *Martz v. PNC Bank, N.A.,* No. 06–1075, 2007 WL 2343800, at *7–8 (W.D. Pa. Aug.15, 2007); *Brown v. Bank of Am., N.A.*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006); *Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 408 (M.D. Fla. 2004).

[29] *See* Compl. ¶¶ 6 ("Plaintiff does not seek actual damages.") & 42 ("Plaintiff and Class members seek recovery of statutory, not actual damages.").

[30] *Beattie*, 511 F.3d at 561 (citations omitted).

[31] *Id.* at 562.

11

proceeding.[32]  For these reasons, the Court rejects Defendant's argument that possible differences in the types of damages sought render Plaintiff's claim atypical of the class claims.

Defendant's second contention, that Plaintiff is simply using the additional violations at the Ridgeway Road and Harvester Lane locations to increase a possible damages award, is unavailing. Defendant's argument on this point is less than clear.  The Court understands Defendant's position to be that Plaintiff's claim about lack of notice at the Madison Avenue ATM is not typical of claims about the lack of notice at the Ridgeway Road or Harvester Lane ATMs.  Defendant adds that Plaintiff has alleged violations of the EFTA at these other locations only in order to increase the possible damages awarded to the class.  The Court finds this argument to be without merit.  As the Court has already concluded, Plaintiff's claim that Defendant violated the EFTA at one ATM location is typical of similar claims that Defendant violated the EFTA at other ATM locations.  It is true that factual differences could exist about the actual notice (or lack thereof) at each location. However, the Court finds that those possible factual distinctions are actually relevant to the adequacy analysis, and not the typicality inquiry.  As a practical matter, the Court retains discretion to resolve these issues "through resort to subclasses."[33]  In the final analysis, the common legal questions raised by Plaintiff, such as whether the EFTA applies to Defendant and its ATMs, whether Defendant

---

[32] *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 428–29 (6th Cir. 2012) ("A class action, of course, is one of the recognized exceptions to the rule against claim-splitting.") (other citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 23(c)(2) (providing a means for class members to opt out if they should choose to do so).

[33] *Id.* (citing *In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 141 (2d Cir. 2001 for the proposition that "[t]here are a number of management tools available to a district court to address any individualized damages issues" including "bifurcating liability and damage trials," or "appointing a magistrate judge or special master to preside over individual damages proceedings"); *see also* Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.").

complied with the notice requirements of the EFTA, and whether statutory damages are available in this case, are typical of the issues raised for the alleged violations at all of Defendant's ATM locations.  Therefore, Plaintiff has demonstrated that her claim based on a transaction at one ATM is typical of class claims based on transactions at other ATMs.

As for Defendant's related argument about Plaintiff's attempt to increase the possible award of statutory damages, the Court holds that this assertion is not a proper basis for concluding that Rule 23(a)'s typicality requirement is not satisfied.  It is true that the EFTA provides factors for the Court to consider in arriving at the amount of damages in a class action under the EFTA.  Those factors include "the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional."[34]  Based on the statutory language, evidence of violations at other ATM locations might go to show "the frequency and persistence of [Defendant's] noncompliance" the EFTA's notice requirements.  Even if Defendant has correctly surmised Plaintiff's motive for bringing claims for violations at other ATM locations, Defendant has cited no authority to show that such a motive has any bearing on the typicality of Plaintiff's claims.  The only relevant inquiry is whether Plaintiff has satisfied Rule 23's requirements.  Therefore, the Court finds Defendant's argument to be without merit.

**D.     Adequacy**

Under Rule 23(a)(4), Plaintiff finally must demonstrate that as a class representative she will fairly and adequately represent and protect the interests of the class.[35]  The adequacy prerequisite

---

[34] 15 U.S.C.A. § 1693m(b)(2).

[35] Fed. R. Civ. P. 23(a)(4).

requires analysis of two distinct criteria: "the representative must have common interests with unnamed members of the class" and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."[36] The adequacy inquiry under the first criterion "serves to uncover conflicts of interest between named parties and the class they seek to represent."[37] A representative's interests are antagonistic to the interests of the members of the class when there is evidence that the representative plaintiff appears unable to "vigorously prosecute the interests of the class."[38] The lines to differentiate adequacy of representation from other prerequisites for class certification like commonality and typicality often blur.[39] For example, the Sixth Circuit has observed, "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the

---

[36] *Senter*, 532 F.2d at 525. *See also Falcon,* 457 U.S. at 157 n.13 ("adequacy-of-representation requirement. . . also raises concerns about the competency of class counsel and conflicts of interest"); *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626–27 (6th Cir. 2007) (analyzing competency of class counsel under Rule 23(a)(4)). *But see* Fed. R. Civ. P. 23(g), 2003 Amendments, Adv. Comm. Notes ("Until now, courts have scrutinized proposed class counsel as well as the class representative under Rule 23(a)(4). . . . Rule 23(a)(4) will continue to call for scrutiny of the proposed class representative, while this subdivision [Rule 23(g)] will guide the court in assessing proposed class counsel as part of the certification decision.").

[37] *Gooch*, 672 F.3d at 429 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

[38] *Id.*

[39] *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). *See also* Herbert Newberg & Alba Conte, *Newburg on Class Actions* § 3.22, at 3-126 (3d ed. 1992) ("[T]he two factors that are now predominately recognized as the basic guidelines for the Rule 23(a)(4) prerequisite are (1) absence of conflict and (2) assurance of vigorous prosecution."); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1768, at 326 (2d ed. 1986) ("It is axiomatic that a putative representative cannot adequately protect the class if his interests are antagonistic to or in conflict with the objectives of those he purports to represent.").

14

claims of the other class members."[40]

The Court holds that Plaintiff has met her burden to demonstrate her adequacy to represent the interests of the class in this case but only in part. First, Defendant does not challenge the qualifications of class counsel to prosecute this case. The Court finds that proposed class counsel Eric Calhoun of Travis & Calhoun, P.C., and BJ Wade of Skouteris & McGee, PLLC are well-qualified to represent Plaintiff and the proposed class. Counsel has shown that they have experience litigating a number of class actions, including class actions for violations of the EFTA. Therefore, the Court concludes that this adequacy criterion is satisfied.

Second, the Court holds that Plaintiff has demonstrated that she will vigorously prosecute claims on behalf of the class of consumers who used the ATM at Defendant's 1451 Madison Avenue location. Plaintiff does not have interests antagonistic to those of the members of the class who conducted transactions at that ATM and were allegedly charged a fee without notice during the class period. Furthermore, the Court has concluded that Plaintiff's claims present common questions of law that are typical of the claims of these proposed class members. The Court finds that the interests of Plaintiff are aligned with the interests of other class members in pursuing these claims. Like members of the class, Plaintiff conducted a transaction at the Madison Avenue ATM and was allegedly charged an improper fee for the transaction. Like members of the class, Plaintiff alleges that Defendant failed to provide notice of the ATM fee as required under EFTA. Like members of the class, Plaintiff has an interest in establishing the violations of the EFTA and obtaining recovery for statutory damages against Defendant. Based on their common theories against Defendant and their common interest in recovering statutory damages, "there is every reason to believe" that

---

[40] *Am. Med. Sys.*, 75 F.3d at 1083.

15

Plaintiff "will vigorously prosecute the interests of the class."[41]  Therefore, the Court holds that Plaintiff has met her burden to show that she will fairly and adequately represent and protect the interests of the class members who used the Madison Avenue ATM during the class period.

With respect to the ATMs at 2923 Ridgeway Road and 3048 Harvester Lane, there is some question that Plaintiff will adequately represent the members of the class who have injuries as a result of transactions at those locations.  It is undisputed that Plaintiff herself never carried out a transaction at either of these ATMs during the class period and that Plaintiff was not assessed a fee for using the ATM at these locations in violation of the EFTA. The Sixth Circuit has recently explained that a class representative need not be "identically situated" with the members of the class she represents.[42]  "Although significant conflicts make a plaintiff an inadequate class representative, differently weighted interests are not detrimental."[43]  In other words, Plaintiff need not have a strict "identity of interests" with all members of the class but must have something more than a "shared interest."[44]  At the very least, Plaintiff's interests in this matter are "differently weighted" based on the possible distinctions from one ATM location to another.  These differences, however, do not require dismissal of the claims for violations at the other ATMs and will not defeat class certification.  The Court has already concluded that Plaintiff's claims for violations at the Madison

---

[41] *Beattie*, 511 F.3d at 563.

[42] *Gooch*, 672 F.3d at 429 (citing *Newberg* at § 3.23).

[43] *Id.* ("That not all members of the class may seek or desire the same relief, or may otherwise have disparate interests, will not render a class definition overly broad or defective or bar the certifying of a class action seeking injunctive and declaratory relief, such as one to compel compliance with applicable statutory or other legal standards.") (quoting *Newberg* at § 6.15).

[44] *Id.*

Avenue ATM raise common issues of fact and law and are typical of similar claims at all of Defendant's ATMs. It appears to the Court, however, that Plaintiff could possibly have a conflict of interest with members of the class she seeks to represent due to the fact that she did not use the other ATMs at issue. In order to avoid this possibility, the Court finds that the better approach for purposes of class certification is to certify conditionally three separate subclasses: (1) one subclass consisting of those consumers who like Plaintiff used the ATM at the Madison Avenue location during the class period; (2) one subclass consisting of those consumers who used the ATM at the Ridgeway Road location during the class period; and (3) one subclass consisting of those consumers who used the ATM at the Harvester Lane location during the class period. For the reasons explained in this Order, the Court concludes that Plaintiff has met all of the Rule 23 requirements to represent the subclass of consumers who used the Madison Avenue ATM. It will fall to Plaintiff and class counsel to identify class members who are able and willing to act as class representatives for the Ridgeway Road subclass and the Harvester Lane subclass. The Court will address this matter further at the conclusion of its Order.

The Court finds that the creation of subclasses not only addresses any potential conflicts of interest between Plaintiff and other class members but also resolves Defendant's arguments about typicality and standing. As previously discussed, Defendant has argued that Plaintiff's claim is not typical of the class claims because Plaintiff was allegedly charged an improper fee only at the Madison Avenue ATM. Even though Defendant did not address this argument to the adequacy requirement, the Court finds that the issue is relevant to the inquiry. Despite the fact that Plaintiff does not allege that she engaged in an ATM transaction at the other two ATM locations, the Court holds that Rule 23 provides a remedy to address any possible conflict of interest Plaintiff might have

with other class members, namely, the use of subclasses.[45]  The issue, therefore, does not defeat the

Motion for Class Certification.

Likewise, this solution addresses the standing argument Defendant raised in its motion for

partial summary judgment and reiterated in its response in opposition to class certification.

Defendant maintains that Plaintiff lacks standing to allege violations of the EFTA at the ATMs she

never used.  As the Court held in its summary judgment order, the Supreme Court has recognized

a "tension" in the case law about whether the very issue Defendant raises is more "appropriately

addressed under the rubric of standing or adequacy."[46]  The Court concluded that the Supreme Court

had not squarely resolved the issue and that the Sixth Circuit has analyzed the question presented

under Rule 23 (and not under the law of standing).[47]  In *Fallick v. Nationwide Mutual Insurance Co.*,

the named Plaintiff brought a class action suit to challenge an insurance company's methodology for

determining benefits in a number of its insurance plans, though Plaintiff participated in only one of

the plans.[48]  The Sixth Circuit held that "[o]nce [a plaintiff's] standing has been established, whether

a plaintiff will be able to represent the putative class, including absent class members, depends solely

on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules

---

[45] Fed. R. Civ. P. 23(c)(5) (permitting the creation of subclasses which "are each treated as a class under this rule").

[46] Order Denying Mot. for Partial Summ. J. 8, Feb. 8, 2012 (D.E. # 26) (quoting *Gratz v. Bollinger*, 539 U.S. 244, 263 n.15 (2002)).

[47] *Id.*

[48] *Fallick*, 162 F.3d at 423–24 (certifying class claims brought under ERISA).

of Civil Procedure."[49]  By dividing the class into three subclasses and requiring Plaintiff to identify

representatives for the other two subclasses, the Court finds that any concerns about Plaintiff's

standing to represent all class members are now moot.

## II.      Rule 23(b)(3)

Having determined that Plaintiff has satisfied all of the Rule 23(a) prerequisites here, the

Court now turns to consider whether Plaintiff can bring her claim for damages under Rule 23(b)(3).

"[I]n order to bring a damages class action under Rule 23(b)(3) the court must find that common

questions predominate and that a class action is a superior way to resolve the controversy."[50]  In other

words, "the proposed class must be sufficiently cohesive to warrant adjudication by representation."[51]

The Court holds that Plaintiff has satisfied the criteria for class certification under Rule 23(b)(3).

Regarding the predominance requirement, a plaintiff must demonstrate "that issues subject

to generalized proof and applicable to the class as a whole predominate over those issues that are

subject to only individualized proof."[52]  The Court holds that the predominance requirement is

satisfied in this case.  The common issues previously identified predominate in this case, including

(1) whether Defendant complied, at all times during the class period, with the notice requirements

of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 at the three ATM locations named in the

---

[49] *Fallick*, 162 F.3d at 423 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 2.05 (3d ed.1992)).  *See also Newberg on Class Actions* § 2.6 (5th ed. 2011).  On summary judgment this Court followed the Sixth Circuit's approach in *Fallick* and reserved ruling on the standing issue until the class certification stage.

[50] *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011).

[51] *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008) (quoting *Windsor*, 521 U.S. at 623) (internal quotation marks omitted).

[52] *Id.* (citing *Beattie,* 511 F.3d at 564).

Complaint; (2) whether Defendant had a notice of the fee charged to consumers posted in a prominent and conspicuous location at the ATMs; and (3) whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct. This is a case where the primary issue is whether Defendant violated the EFTA.  Assuming Defendant did not provide the required notice, each class member will have the same claim for statutory damages.  The class members' claims will not vary based on which ATM they used, largely because they all contend that Defendant failed to give proper notice and then assessed a fee in violation of EFTA.  The Court concludes that these issues will predominate in this case.

As for the superiority of class treatment, the Court holds that class litigation is the superior method of adjudication.  The issue of whether Defendant violated EFTA's notice provision and improperly assessed an ATM fee is better litigated as a class action.  Otherwise, each consumer affected by Defendant's alleged conduct would need to bring hundreds or thousands of individual actions.  The Court finds that this "is a vastly inferior method of adjudication when compared to determining threshold issues of" statutory compliance "that apply equally to the whole class."[53] Indeed, EFTA specifically contemplates class treatment.[54]  Under the circumstances, class litigation is superior to individual suits alleging the same violations.  Therefore, the Court concludes that Plaintiff has satisfied the criteria under Rule 23(b)(3).

## IV.    Class Certification

The Court holds that Plaintiffs have met their burden to show that class certification is

---

[53] *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006).

[54] *E.g.* 15 U.S.C. § 1693m(a) (defining damages for class actions for failures to comply with the Act).

appropriate under Rule 23(a) and (b). The Court has already noted its concerns about the class definition Plaintiff has proposed. More specifically, the Court has called attention to the conjunctive nature of the class Plaintiff has defined, consumers who conducted transactions at all three ATM locations. The Court has also expressed concerns about the adequacy of Plaintiff's representation of class members who unlike Plaintiff used the ATMs at other locations. Rule 23(c)(5) states, "When appropriate, a class may be divided into subclasses that are each treated as a class under this rule."[55] The Sixth Circuit has affirmed the district courts' "broad discretion in determining whether to bifurcate proceedings or divide a class action into subclasses."[56] This authority is consistent with the Court's continuing discretion to modify a certification order "in the light of subsequent developments in the litigation."[57]

Under the circumstances, the Court believes that the conditional certification of three subclasses will ultimately be preferable to the single class definition proposed by Plaintiff. The Court finds that the creation of three subclasses of consumers who conducted transactions at the three ATMs listed in the Complaint will resolve any question about potential class conflicts. In short, although the Court holds that Plaintiff has satisfied Rule 23 (subject to these qualifications), the Court conditions its class certification on a further showing of how the class at large can be divided into appropriate subclasses going forward, specifically by naming individuals who can serve as representatives for two of the subclasses.

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and subject to these qualifications,

---

[55] Fed. R. Civ. P. 23(c)(5).

[56] *Randleman*, 646 F.3d at 355 (citations omitted).

[57] *Falcon*, 457 U.S. at 160. *See also* Fed. R. Civ. P. 23(c)(1)(C).

Plaintiffs' Motion for Class Certification is **GRANTED IN PART, DENIED IN PART**.  The Court conditionally certifies the following three subclasses in this action:

> • All consumers who initiated an electronic funds transfer at the Hope Community Credit Union ATM located at 1451 Madison Avenue, Memphis, TN, and were assessed a fee for withdrawing cash from the ATM located at 1451 Madison Avenue, Memphis, TN, on or after the date of one year prior to the filing this action (September 2, 2009) through the date Defendant posted a compliant notice on the ATM (the "Class Period").[58]

> • All consumers who initiated an electronic funds transfer at the Hope Community Credit Union ATM located at 2923 Ridgeway Road, Memphis, TN, and were assessed a fee for withdrawing cash from the ATM located at 2923 Ridgeway Road, Memphis, TN, on or after the date of one year prior to the filing this action (September 2, 2009) through the date Defendant posted a compliant notice on the ATMs (the "Class Period").

> • All consumers who initiated an electronic funds transfer at the Hope Community Credit Union ATM located at 3048 Harvester Lane, Memphis, TN, and were assessed a fee for withdrawing cash from the ATM located at 3048 Harvester Lane, Memphis, TN, on or after the date of one year prior to the filing this action (September 2, 2009) through the date Defendant posted a compliant notice on the ATMs (the "Class Period").

The Court appoints Plaintiff Vicki Cook Campbell as Class Representative for the Madison Avenue subclass.  The Court's certification is further conditioned on Plaintiff and class counsel

---

[58] Excluded from all three subclasses are (1) Hope Community Credit Union and all directors, officers, agents and employees of Hope Community Credit Union; (2) Any person or entity who timely opts out of this proceeding; and (3) Any person who has given a valid release of the claims asserted in this suit.

identifying proper representatives for the Ridgeway Road subclass and the Harvester Lane subclass.

Finally, pursuant to Rule 23(g), Plaintiffs' Motion to certify  Eric Calhoun of Travis & Calhoun, P.C., and BJ Wade of Skouteris & McGee, PLLC as Class Counsel is **GRANTED**.

## <u>CONCLUSION</u>

The Court holds that Plaintiff has satisfied the requirements of Rule 23(a) and (b) and so class certification is warranted in this case.  Based on its conclusion that Plaintiff may have conflicts with other members of the class, the Court conditionally certifies the three subclasses defined in this Order as opposed to the single class sought by Plaintiff.  The Court has conditioned its certification on the identification of a willing class representative for each of the other two subclasses.  Therefore, Plaintiffs' Motion for Class Certification is conditionally **GRANTED IN PART, DENIED IN PART**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 25, 2012.

23